UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA STEESE, et al., | ) | CASE NO. 5:15-cv-2681 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| SML RELOCATION, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court are two motions: a motion to vacate default judgment filed by defendant SML Relocation, LLC ("SML") (Doc. No. 2), and a motion to remand filed by plaintiffs Linda Steese and Gerald Steese ("plaintiffs") (Doc. No. 7). The Court construes plaintiffs' motion to remand as an opposition brief to Doc. No. 2, since no other opposition brief was filed. SML filed its opposition to the motion to remand (Doc. No. 8), and plaintiffs filed a reply (Doc. No. 9). SML also moved to file a sur-reply (*see* Doc. No. 10), which the Court grants. Doc. No. 10 will be deemed to be the sur-reply. For the reasons discussed herein, plaintiffs' motion to remand is denied and defendant's motion to vacate the default judgment is granted.

## I. PROCEDURAL BACKGROUND

Plaintiffs, residents of Ohio, filed this lawsuit on March 13, 2015 in the Summit County Court of Common Pleas, Case No. CV 2015-03-1545, alleging that they entered into an agreement with SML (a Texas limited liability company) to relocate all of their personal belongings from Midlothian, Texas to Akron, Ohio. (*See* Doc. No. 1-1, Complaint ["Compl."] ¶¶ 1, 2, 4.) Rather than paying a deductible to insure the full value of their belongings, which they claim they could not afford, plaintiffs agreed to a liquidated damages clause that valued the items at $0.60 per pound per item, if damaged. (*Id.* ¶ 5.) SML allegedly loaded plaintiffs' belongings

into a moving truck in Midlothian on March 9, 2014 and delivered them to their new location in Akron on or about March 12, 2014. (*Id.* ¶¶ 6, 8.) The items, when delivered, where all "destroyed." (*Id.* ¶¶ 7, 9.) SML sought payment for its services under the parties' agreement, despite having delivered plaintiffs' belongings "in a completely destroyed and useless state." (*Id.* ¶ 10.) The contract price was equal to or in excess of the amount of the liquidated damages award offered. (*Id.*) The complaint seeks a declaration that the parties' agreement is unenforceable, and states common law claims for conversion, negligence, and malicious conduct, seeking compensatory damages "in excess of $25,000.00."

On March 16, 2015, the clerk of the state court issued a summons to SML by certified mail directed to the address of its registered agent in Fort Worth, Texas. (Doc. No. 1, Notice of Removal ["Notice"], Ex. B.) As reflected on the docket of the state court, on April 7, 2015, this summons was returned with a notification of failure to obtain service due to "no such number[.]" (*Id.*, Ex. C.) On June 18, 2015, plaintiffs instructed the clerk to issue a summons to SML by serving the Ohio secretary of state. (*Id.*, Ex. D.) The state court docket shows that, on June 30, 2015, this summons was "claimed" by the Ohio secretary of state. (*Id.*, Ex. C.)

On October 6, 2015, plaintiffs filed a motion for default judgment against SML. On October 15, 2015, the motion was granted, default was entered, and a hearing on damages was set for November 17, 2015. (*Id.* ¶¶ 8-9; Ex. C.) Following the hearing, on November 25, 2015, default judgment in the amount of $102,569.75 was entered by the state court in favor of plaintiffs and against SML. (*Id.* ¶ 11; Ex. E.)

x

Notice of the lawsuit and the default judgment was received by SML on December 4, 2015. (*Id.* ¶ 12; Doc. No. 2-1, Barnes[1] Aff. ¶ 11.) Until then, SML had no knowledge of the lawsuit, and was never served with a copy of the summons and complaint. (*Id.*)

The notice of removal was filed on December 23, 2015.

## II. DISCUSSION

Defendant's notice of removal asserts several bases for subject matter jurisdiction: 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (federal commerce question), and 28 U.S.C. § 1332 (diversity), none of which appear to be challenged by plaintiffs in their motion to remand. Rather, their challenge is based exclusively on the timeliness of the removal.

The two motions before the Court are intertwined. The motion to remand must be granted if the removal was not timely. But the only way to determine whether the removal was timely is to determine when, if ever, defendant received a properly served copy of the complaint. That determination is, in turn, dependent upon whether service upon the Ohio secretary of state was proper. Moreover, if that service was not proper or effective, the default judgment is void for lack of personal jurisdiction, and the motion to vacate the judgment must be granted.

Plaintiffs argue that the issue of whether the default judgment should be vacated can only be raised before the state court; but that is not correct. Although "a federal court upon removal takes a case as it finds it[,]" (Reply at 100, quoting *Feller v. Nat'l Enquirer*, 555 F. Supp. 1114, 1118 (N.D. Ohio 1982)), at the time this case was removed, an avenue for relief still remained for defendant, namely, to seek to set aside the default judgment. Courts may set aside default judgments "in accordance with Rule 60(B)." Ohio R. Civ. P. 55(B); *see also* Fed. R. Civ. P.

---

[1] Joshua Barnes filed his affidavit in support of SML's motion to vacate the default judgment. Barnes is SML's vice president. (Barnes Aff. ¶ 1.)

3

55(c) (federal counterpart). Under Ohio R. Civ. P. 60(B), a motion for relief from a judgment must be made "within a reasonable time" after the judgment was entered. *See also* Fed. R. Civ. P. 60(c)(1). Therefore, if the matter was timely removed, defendant may pursue any available relief in federal court, as it has done by way of its timely motion to vacate brought pursuant to Rule 60(b)(4).

Plaintiffs assert that this case must be remanded to the state court because, under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" They claim that the 30-day period began to run on June 30, 2015, when the Ohio secretary of state "claimed" the certified mail pursuant to service under Ohio Rev. Code § 1705.58. On that date, according to plaintiffs, SML had sufficient information to ascertain the existence of both diversity jurisdiction and federal question jurisdiction.[2]

Defendant, however, relies upon 28 U.S.C. § 1446(b)(3), which provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (emphasis added.) Defendant asserts that its receipt of the default judgment on December 4, 2015 is the triggering

---

[2] The initial pleading establishes federal question jurisdiction because defendant is a "motor carrier" within the meaning of statutes covering transportation in interstate commerce. The existence of diversity jurisdiction is not as clear. Although both parties suggest that citizenship is diverse, the requisite amount in controversy is not established by the initial pleading. In their motion to remand, plaintiffs assert that a pre-suit demand of $75,000 was sufficient to establish the requisite amount in controversy, but that is not so. The amount must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). Even so, plaintiffs point to a decision by another judge of this court wherein a pre-suit demand for exactly $75,000 was not found to be dispositive of the jurisdictional amount. *See Wilcox v. Cedar Point, Inc.*, No. 3:13-cv-2013, 2013 WL 4460144, at *3 (N.D. Ohio Jan. 3, 2013). Because federal question jurisdiction appears to exist, and neither party disputes its existence, the Court does not have to decide whether diversity jurisdiction also exists.

date for the 30-day removal period since "[n]o other process, pleadings, or orders have been served upon SML."[3] (Notice ¶ 12; *see also* Barnes Aff. ¶ 11 ("SML had no knowledge of this lawsuit, and was never served with a copy of the summons and complaint in this matter.").) It was only on December 4, 2015, according to defendant, that it first learned of the lawsuit *and* was thus in a position to determine that it was removable.

There is no dispute that plaintiffs' initial attempt to serve the summons and complaint was unsuccessful, causing them to resort to service on the secretary of state under Ohio Rev. Code § 1705.58. Plaintiffs do not address defendant's argument that it was not subject to such service because it does not "transact business" in Ohio and none of the events herein occurred in Ohio, but for the ultimate delivery of the goods. Based upon the unchallenged representations regarding contained in Barnes' affidavit that describe defendant's activities in Ohio as "occasional, sporadic, and isolated," the Court finds compelling defendant's argument that it was not subject to service under § 1705.58. *See State ex rel Physicians Comm. for Responsible Medicine*, 843 N.E.2d 174, 179 (Ohio 2006) ("a foreign corporation's activities must be permanent, continuous, and regular to constitute 'doing business' in Ohio") (citation omitted).

Additionally, plaintiffs have not attempted to refute defendant's assertion that it never received a copy of the initial pleading until December 4, 2015. Again, the only evidence before the Court regarding this fact is the unrefuted affidavit of Barnes. Therefore, the Court accepts as true that SML first received notice of the lawsuit on December 4, 2015. Removal on December 23, 2015 was, therefore, timely since it fell within the 30-day period following December 4.

---

[3] This latter assertion is arguably contradicted in another paragraph of the notice of removal which states that removal was proper because it was "within 30 days of SML's receipt of the *Complaint* and Judgment[.]" (Notice ¶ 19, emphasis added.) But, taking it in context with Barnes' affidavit as a whole, this paragraph merely suggests that a copy of the complaint was finally delivered along with the judgment, both being received for the first time on December 4, 2015.

Since removal was proper and remand is not required, the Court now turns to whether there is any basis for setting aside the state court's default judgment. Defendant points to Rule 60(b)(4), arguing that the judgment is void due to lack of personal jurisdiction over SML.

> The Sixth Circuit requires that a court set aside a default judgment if service of process was not proper. *See Jalapeno Prop. Mgmt., L.L.C. v. Dukas,* 265 F.3d 506, 515 (6th Cir. 2001) (stating that "if the underlying judgment is void, it is a *per se* abuse of discretion for a court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (internal citations omitted) (emphasis in the original). Therefore, if service of process is not proper, the judgment is void, and the court must set aside Defendant's default judgment. *See United Student Aid Funds, Inc. v. Espinosa,* ––U.S. ––, –– – ––, 130 S.Ct. 1367, 1376–77, 176 L.Ed.2d 158 (2010).

*Perfect Score Co. v. Miller*, No. 1:09 CV 1189, 2011 WL 4540742, at *3 (N.D. Ohio Sept. 29, 2011).

As the record before this Court is devoid of proof of service, the state court was without authority to enter judgment, and its default judgment must be set aside as void under Rule 60(b)(4).

### III. CONCLUSION

For the reasons set forth herein, defendant's motion for leave to sur-reply (Doc. No. 10) is **granted**, plaintiffs' motion to remand (Doc. No. 7) is **denied**, and defendant's motion to vacate the default judgment (Doc. No. 2) is **granted**.

**IT IS SO ORDERED**.

Dated: July 29, 2016

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**