# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LINDA STEESE, et al., | ) | CASE NO. 5:15-cv-2681 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| SML RELOCATION, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is defendant's motion for partial dismissal of plaintiffs' first amended complaint. (Doc. No. 18 ["Mot."].) Plaintiffs filed a brief in opposition (Doc. No. 19 ["Opp'n"]) and defendant filed a reply (Doc. No. 20 ["Reply"]). For the reasons set forth below, the motion is granted. Counts two, three, four, and five are dismissed and the case will proceed solely on count one.

## I. BACKGROUND

On March 5, 2014, plaintiffs and defendant entered into an agreement for the relocation of all of plaintiffs' belongings from Midlothian, Texas to Akron, Ohio. (Doc. No. 17, First Amended Complaint ["Compl."] ¶ 5 and Ex. A.) The agreement offered plaintiffs two options: either pay a deductible of $2,000 to insure the full value of their items, or agree to a "Released Value Valuation" (*i.e.*, liquidated damages) that valued the items at $.60 per pound per item. Plaintiffs chose the latter, asserting that they were "under pressure to procure moving services and without funds to afford the deductible[.]" (*Id.* ¶ 6; Ex. A at 154.[1])

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

On or about March 9, 2014, defendant picked up plaintiffs' belongings with a company-owned moving truck and transported them to Akron, delivering them on March 12, 2014. (*Id.* ¶¶ 7, 9.) Plaintiffs allege that, during the transport of their items, the items were destroyed. (*Id.* ¶ 8.) Nonetheless, with no explanation as to the condition of the items, defendant's employees unloaded them. (*Id.* ¶ 10.) Plaintiffs allege that defendant sought payment under the agreement, despite the fact that the contract price was equal to or in excess of the amount of contractual liquidated damages. (*Id.* ¶ 11.)

The complaint contains five counts: (1) a Carmack Amendment claim, 49 U.S.C. § 14706; (2) a request for declaratory judgment; (3) conversion (in the alternative to count one); (4) negligence (in the alternative to count one); and (5) malicious conduct. Defendants seek dismissal of all but count one, arguing preemption under the Carmack Amendment and failure to state a claim.

## II. DISCUSSION

### A. Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

**B. Analysis**

    **1.**    **Counts Three, Four and Five -- Preemption of State Law Claims**

Plaintiffs have pleaded state law claims of conversion (count three) and negligence (count four). They also assert in count five a state law claim for "malicious conduct." Defendant argues that these three counts (to the extent count five even exists as a viable claim under Ohio law)[2] are all preempted by the Carmack Amendment to the Interstate Commerce Act.

"The Carmack Amendment . . . created a national scheme of carrier liability for loss or damages to goods transported in interstate commerce." *Exel, Inc. v. S. Refrigerated Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015). "The Amendment restricts carriers' ability to limit their liability for cargo damage. It makes a motor carrier fully liable for damage to its cargo unless the shipper

---

[2] *See Justice v. Justice*, No. 99CA16, 2000 WL 221996, at *13 n. 15 (Ohio Ct. App. Feb. 4, 2000) ("malicious conduct . . . is not a separate cause of action but rather a prayer for punitive damages"); *see also Grant v. Wells Fargo Home Mortg.*, Case No. 2:15-cv-12972, 2016 WL 8115649, at *4 (E.D. Mich. May 11, 2016) ("damages [for malicious conduct] are a remedy, not a cause of action").

3

has agreed to some limitation in writing." *Id.* (citing 49 U.S.C. § 11706(a), (c), § 14101(b)). "Carriers in turn acquire reasonable certainty in predicting potential liability because shippers' state and common law claims against a carrier for loss to or damage were preempted." *Id.* (citing *Certain Underwriters at Interest at Lloyds of London v. UPS,* 762 F.3d 332, 335 (3d Cir. 2014)).

Plaintiffs argue in opposition that they have pleaded their state law claims of conversion and negligence in the alternative,[3] "[t]o the extent that the Court finds that the Agreement is unenforceable[.]" (Compl. ¶¶ 17, 22.) But, if the agreement is unenforceable, that means that defendant cannot limit its liability to the released value, but must pay the full value. There is no need for any alternative claim, even if the doctrine of complete preemption permitted one. But, where state law claims are completely preempted, they simply cannot be brought, not even in the alternative.

Defendant is entitled to dismissal of counts three, four and five.

### 2. Count Two – Declaratory Judgment

In this count, plaintiffs ask the Court to declare "the parties' respective rights and obligations pursuant to the Agreement and as to the enforceability of the Agreement." (Compl. ¶ 15.) In the prayer for relief, plaintiffs ask for a declaration that the agreement is unenforceable.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional requirements." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86

---

[3] In their opposition brief, plaintiffs argue that "[it] has yet to be determined whether [d]efendant is a 'motor carrier' as defined under the Caremack [sic] Amendment." (Opp'n at 174.) But the Court is satisfied that defendant meets the definition of both "motor carrier" and "carrier." *See* 49 U.S.C. § 13102.

4

L. Ed. 1620 (1942)). In the Sixth Circuit, courts generally consider five factors: "(1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata'; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000) (citations omitted).

Here count two is no more than a restatement of count one. Plaintiffs are seeking a declaration that defendant, by way of the agreement between the parties, failed to limit its liability under the Carmack Amendment to the Interstate Commerce Act. Defendant is arguing that plaintiffs are not entitled to that declaration. One way or the other, that determination will be made on the strength of count one. Plaintiffs will either be able to establish under count one that defendant did limit its liability or it did not. Although factors three and four are not at issue here, the other three factors weigh in favor of dismissal. *See World Shipping, Inc. v. RMTS, LLC*, No. 1:12 CV 3036, 2013 WL 774503, at *5 (N.D. Ohio Feb. 22, 2013) (granting defendant's motion to dismiss the declaratory judgment count in the complaint because it "would not settle the controversy[,] . . . nor . . . serve a purpose more useful than that served by the breach of contract claim.").

The Court declines to exercise jurisdiction over count two and it is dismissed.

## III. CONCLUSION

For the reasons set forth herein, defendant's motion to dismiss counts two, three, four and five (Doc. No. 18) is **granted**. The case will proceed only as to count one.

**IT IS SO ORDERED**.

Dated: August 15, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**